IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| YOLANDA DOSIER,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF ATLANTA, GEORGIA, and JEFFREY NORMAN, in his official capacity as Commissioner of Human Resources,<br><br>    Defendants. | CIVIL ACTION NO.<br>1:20-cv-04477-WMR |

## ORDER

Before the Court is a discovery dispute between the parties over Plaintiff's access to certain of Defendant's employees' cellphone records.

On November 19, 2021, the Court ordered Plaintiff to file with the Court a list of the individuals for whom Plaintiff wishes to obtain cellphone records and explanations for how each set of records is relevant to the allegations of the complaint. [Doc. 63.] The Court also ordered Defendants to file a response. [*Id.*]

Plaintiff seeks the phone numbers of certain employees "for the sole purpose of determining if and when Defendant Norman and Deputy Comm. Danielle

Nichols[] spoke to these employees." Plaintiff requests the phone numbers of 11 individuals,[1] which the Court divides into two categories.

In the first category, Plaintiff requests the phone numbers of Joshua Williams, Nadiege Aghomo, and Thad Flowers and explains their relevance. In response, Defendants do not dispute their relevance and simply state that they "already submitted . . . a personal and office phone number for Joshua Williams, an office and cell phone number for Nadiege Aghomo and an office number for Thad Flowers." It is unclear from the parties' submissions whether Defendants have provided all phone numbers they have for these three individuals. If they have, then the parties' dispute over these individuals has been resolved. But, to the extent Defendants have not provided all phone numbers they have for these three individuals, and in light of Defendants' failure to dispute their relevance, Defendants are **ORDERED** to produce those phone numbers.

In the second category, Plaintiff requests the phone numbers of eight additional individuals. According to Plaintiff, the eight individuals are members of the City of Atlanta's Department of Law "who participated in at least one interview

---

[1] Although Plaintiff also originally sought phone numbers for three city councilmembers (for a total of 14 individuals), Plaintiff "agree[s] to remove these individuals from the list" if Defendants confirm that the individuals "did not communicate with Mr. Norman or Ms. Nichols about Plaintiff and the allegations against her." Defendants confirm that Mr. Norman and Ms. Nichols did not use their personal cellphone numbers to discuss Plaintiff with the three city councilmembers during the relevant timeframe. As such, the Court does not address those cellphone numbers.

during the investigation(s)" of Marian Woods and Plaintiff "or were identified by Defendants as having discussed Plaintiff's termination with Mr. Norman."  Plaintiff does not indicate which individuals participated in an interview during the investigation and which individuals discussed Plaintiff's termination with Mr. Norman.  The Court believes that those individuals who discussed Plaintiff's termination with Mr. Norman are relevant to the allegations of the complaint, which claims Plaintiff was terminated in retaliation for engaging in protected speech.  However, the Court fails to see (and Plaintiff fails to explain) how the individuals who merely participated in an interview during the investigation are relevant.  As such, Defendants are **ORDERED** to produce only the phone numbers of the individuals who "were identified by Defendants as having discussed Plaintiff's termination with Mr. Norman."

    **IT IS SO ORDERED**, this 23rd of November, 2021.

_____
WILLIAM M. RAY, II
UNITED STATES DISTRICT JUDGE